UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

GARRY DAVID GALLARDO,                                    **ORDER**
                                                         **09-CV-4101 (NGG)**
                       Petitioner,

            -v-

CAMERON LINDSEY, WARDEN MDC
BROOKLYN,

                       Respondent.
------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

On September 11, 2009, Petitioner Garry David Gallardo, a federal inmate confined at Metropolitan Detention Center in Brooklyn, New York, filed this pro se Petition for Writ of Habeas Corpus (Docket Entry # 1) pursuant to 28 U.S.C. § 2241.[1] In the Petition, he challenges two criminal convictions entered in the United States District Court for the Western District of Texas. (See Petition 2 (citing United States v. Gallardo, No. 87-CR-0098 (W.D. Tex.); United States v. Gallardo, No. 06-CR-0133 (W.D. Tex.)).) He seeks release from custody.

Petitioner brings this action under 28 U.S.C. § 2241, which is the mechanism by which a federal prisoner may challenge the "execution of [his or her] sentence, including such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions." Jiminian v. Nash, 245 F.3d 144, 146 (2d Cir. 2001). In contrast, a petition under 28 U.S.C. § 2255 is "generally the proper vehicle for a federal prisoner's challenge to his conviction and sentence, as it encompasses claims that 'the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the

---

[1] Under Administrative Order 2001-06, pro se petitions for writs of habeas corpus may be filed without prepayment of fees or a request to waive in forma pauperis status.

1

sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.'" Id. at 146-27 (quoting § 2255). Accordingly, challenging the execution of a sentence pursuant to § 2255 generally cannot be avoided through a petition under 28 U.S.C. § 2241. See Adams v. United States, 372 F.3d 132, 134 (2d Cir. 2004) ("[F]ederal prisoners generally must invoke § 2255 instead of § 2241 to challenge a sentence as violating the U.S. Constitution or laws.").

Here, Petitioner is challenging the validity of his underlying convictions, rather than the execution of his sentence. Moreover, Petitioner has previously filed § 2255 petitions in the Western District of Texas, challenging the same criminal convictions that he seeks to challenge here. In USA v. Gallardo, No. 87-CR-0098 (W.D. Tex.), the district court denied Petitioner's § 2255 petition and the Fifth Circuit, inter alia, denied him authorization to file a second or successive § 2255 petition, imposed sanctions, and imposed restrictions on filing future actions. (See id., Docket Entry # 192.)² Plaintiff currently has a pending § 2255 petition in USA v. Gallardo, No. 06-CR-0133 (W.D. Tex.).

When faced with a petition that attempts to raise claims pursuant to § 2241 that were raised or could have been raised in a prior § 2255 petition, a district court can either "treat the § 2241 petition as a second or successive § 2255 petition and refer the petition to [the Court of Appeals] for certification, or, if it is plain from the petition that the prisoner cannot demonstrate that a remedy under § 2255 would be inadequate or ineffective to test the legality of his detention, the district court may dismiss the § 2241 petition for lack of jurisdiction." Adams, 372 F.3d at 136. Such claims include those "involving prisoners who (1) can prove actual innocence

---

² The court notes that the United States Supreme Court has barred petitioner from filing any future petitions in noncriminal matters unless the docketing fee is paid and the petition submitted is in compliance with Supreme Court Rules. See Gallardo v. Tackitt, 129 S. Ct. 731, 731 (2008).

on the existing record, and (2) could not have effectively raised their claims of innocence at an earlier time." Cephas v. Nash, 328 F.3d 98, 104 (2d Cir. 2003) (internal alterations and quotation marks omitted).

The court will dismiss the § 2241 petition because petitioner cannot demonstrate that a § 2255 petition would be "inadequate or ineffective to test the legality of his present detention." Adams, 372 F.3d at 136. The Petitioner "does not contend that he is innocent, nor does he offer any other reason why failing to allow collateral review of his sentence would raise 'serious constitutional questions.'" United States v. Wilson, No. 96-CR-00723 (CPS), 2009 WL 36778, at *2 (E.D.N.Y. Jan. 6, 2009). Nor does the Petition offer issues that could not "have been raised . . . in an earlier motion under § 2255." Bostic v. Williamson, No. 04-CV-0769E, 2004 WL 2271386, at *4 (W.D.N.Y. Sept. 30, 2004); see Joost v. Apker, 476 F. Supp. 2d 284, 291 (S.D.N.Y. 2007). Accordingly, the Petitioner cannot proceed under § 2241.

## CONCLUSION

The Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 is DISMISSED. The certificate of appealability provision, 28 U.S.C. § 2253(c), is inapplicable to this petition brought under 28 U.S.C. § 2241. Drax v. Reno, 338 F.3d 98, 106 n.12 (2d Cir. 2003) (citing Murphy v. United States, 199 F.3d 599, 601 n. 2 (2d Cir. 1999)). The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: September 29, 2009
Brooklyn, New York

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge